UNITED STATES of America, Plaintiff-Appellee,

v.

William H. HARDAWAY, Defendant-Appellant.

No. 83–1777 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 24, 1984.

signing for it is evidence, in the absence of anything to the contrary, that she met this de-

scription.

Walter M. Holcombe, Pecos, Tex., for defendant-appellant.

Sidney Powell, Mike McDonald, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant William H. Hardaway appeals from his conviction by jury for forcibly rescuing two vehicles seized by the Internal Revenue Service (IRS), in violation of 26 U.S.C. § 7212(b).[1] Hardaway identifies numerous claims of trial court error, but the most substantial is his challenge to the sufficiency of the evidence. Finding no merit in any of Hardaway's arguments, we affirm his conviction.

As of March 9, 1983, defendant owed in excess of $1,500 in back taxes to the federal government. On that date, IRS officers went to Hardaway's place of business in Alpine, Texas, and made a final demand for payment of the delinquent taxes. The officers informed defendant that if he was unable to pay the tax, they would seize certain vehicles owned by him. Hardaway told the officers that he would go to the bank and borrow the money, using the vehicles as collateral. The officers thereafter followed defendant to his residence so that he could pick up the titles to the vehicles before going to the bank. After failing to locate the titles, defendant told the officers that he would not interfere with their seizure of the vehicles. The officers returned to Hardaway's business property and placed "notice of seizure" tags and stickers upon defendant's 1966 International delivery van, 1972 Chevrolet pick-up truck, and 1973 Chevrolet Vega station wagon; they then towed the vehicles to Big Bend Ford, an automobile dealership in Alpine, for storage. Although Hardaway did not accompany the officers back to his place of business, they had advised him which vehicles would be seized and where they were to be stored.

On the following day, Carl Hassenflu, owner of Big Bend Ford, discovered that all notice of seizure tags had been removed from the vehicles sometime after he closed business on March 9, and before he opened for business on the morning of March 10. On March 12, defendant went to the dealer-

---

1. 26 U.S.C. § 7212(b) provides:

    **(b) Forcible rescue of seized property.** Any person who forcibly rescues or causes to be rescued any property after it shall have been seized under this title, or shall attempt or endeavor so to do, shall, excepting in cases otherwise provided for, for every such offense, be fined not more than $500, or not more than double the value of the property so rescued, whichever is the greater, or be imprisoned not more than 2 years.

ship and questioned Hassenflu about his arrangement with the IRS concerning the vehicles. Hardaway also requested and received permission from Hassenflu to lock the vehicles. On the afternoon of Sunday, April 3, defendant again went to Big Bend Ford and, with the aid of an accomplice, drove the van and the pick-up off the dealership lot. Hardaway returned later that evening and towed the third vehicle away. Several weeks later, IRS officers located the vehicles in a field on the outskirts of Alpine. The first count of the indictment against Hardaway charged him with forcibly rescuing the van and the second count charged him with forcibly rescuing the pick-up.[2] A jury convicted him on both counts.

■ Initially, Hardaway contends that the evidence adduced at trial was insufficient to sustain his conviction because the government failed to prove that the property had been seized lawfully. Lawfulness of a seizure under section 7212(b) "means only that it was performed by a proper official with general authority under the tax code to make the seizure." *United States v. Main*, 598 F.2d 1086, 1090 (7th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979). Thus, disputes concerning other aspects of the legality of a seizure are not relevant to the elements of the crime of forcible rescue. *Id.; see United States v. Scolnick*, 392 F.2d 320, 326 (3d Cir.), *cert. denied*, 392 U.S. 931, 88 S.Ct. 2290, 20 L.Ed.2d 1390 (1968). In this case, it is undisputed that the seizure was made by IRS officers; therefore the property was seized under the authority of the Internal Revenue Code. The elements of forcible rescue are: (1) seizure of property by one authorized to do so under the Internal Revenue Code; (2) knowledge by the defendant that the property has been so seized; and (3) a forcible retaking of the property by the defendant. *United States v. Main*, 598 F.2d at 1090; *see United*

*States v. Harris*, 521 F.2d 1089, 1092–93 (7th Cir.1975).

■ Next, defendant maintains that the government failed to prove that he "forcibly rescued" the vehicles. Hardaway does not deny that he knew the vehicles had been seized by IRS officers, and he freely admits rescuing them. The term "forcibly rescued" as used in section 7212(b) is not limited to proof of force exerted against persons, but encompasses any force that enables the defendant to rescue the seized property. *See United States v. Harris*, 521 F.2d at 1092–93; *United States v. Owens*, 511 F.2d 1205, 1206 (4th Cir.), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975); *United States v. Scolnick*, 392 F.2d at 327; *see also United States v. Spicer*, 547 F.2d 1228 (5th Cir.), *cert. denied*, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977). In reliance upon *Harris*, Hardaway argues that forcible rescue was not proven because all notice of seizure indicia had been removed (by a person or persons unknown) from the vehicles prior to his retaking of them. In that case, the Seventh Circuit held that: "One who recovers unguarded property that contains no seizure stickers, knowing that such property was seized, rescues such property, but does not do so forcibly. If any type of force is used, however, then there is a forcible rescue."[3] 521 F.2d at 1093.

Our reading of *Harris*, however, does not require reversal of Hardaway's conviction. There, IRS officers approached defendant Harris at his place of business and presented him with a levy against his car, which was parked on the street outside Harris' office. The officers placed seizure stickers on the vehicle, but did not tow it away. Later that day when an IRS officer returned to Harris' place of business, the car was missing. It was subsequently located at Harris' residence, with the warning stickers removed. The court held that

---

2. For reasons unexplained in the record, Hardaway was not prosecuted for rescuing the station wagon.

3. The jury instruction used by the district court contains nearly identical language. Record Vol. 2 at 251–52.

Harris' removal of the stickers was sufficient to support a finding of forcible rescue. 521 F.2d at 1093. Hardaway insists that the government's failure to prove that he actually removed the warning stickers from his vehicles equates with a failure to prove the use of force. We are unpersuaded. The force used in the instant case was Hardaway's trespass onto the dealership's lot after normal business hours and his removal of the vehicles that had been stored there by the IRS for safekeeping. We believe that this holding comports with the Seventh Circuit's decision in *Harris* and fosters the intent of the statute to protect seized property. As the *Harris* court notes, "surely Congress did not envision that a guard would have to be posted to achieve that protection." 521 F.2d at 1093.

We have examined the other claims of trial error raised by Hardaway and find no merit in them. The judgment of the district court is

AFFIRMED.