Richard ROGERS, Plaintiff,

v.

UNITED STATES of America, Sophia Vicuna, Thomas Kilmartin, Thomas Martin, Michael Y. Edmonds and Frederick T. Perry, Defendants.

No. Civ.A. 98–40062–NMG.

United States District Court,
D. Massachusetts.

July 21, 2000.

Richard Rogers, Northboro, MA, pro se.

Michael J., Jr. Walsh, Worcester, MA, for plaintiff.

Henry J. Riordan, U.S. Dept. of Justice, Tax Division, Washington, DC, Thomas Drechsler, Finneran, Byrne & Drechsler, Dorchester, MA, Kenneth H. Anderson, Finneran, Byrne & Drechsler, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff Richard Rogers ("Rogers") brought this action against two Internal Revenue Service ("IRS") agents and three members of the Northborough, Massachusetts Police Department alleging eleven claims arising from the seizure of two of Rogers' vehicles by the IRS. Pursuant to 28 U.S.C. § 2679, the United States substituted itself as defendant for the two IRS agents with respect to Rogers' state law claims against them. On February 8, 2000

an order was entered in this Court dismissing the United States and the two IRS agents from the case (Docket No. 73). Pending before the Court is the motion for summary judgment filed by the three remaining defendants (Docket No. 65).

## I. Background

The following facts are synthesized from the pleadings and are construed in the light most favorable to the plaintiff. On or about March 5, 1998, two IRS agents and Thomas Martin ("Martin"), a Sergeant of the Northborough, Massachusetts Police Department, went to Rogers' property at 257 Church Street in Northborough and seized two vehicles belonging to Rogers that were parked in his driveway. The government contends that Rogers owed federal income taxes from 1992 and 1993. Rogers asserts that he protested the seizure by asking the two IRS agents and the police officer if they had a warrant and to leave his property. Eventually, Rogers turned over keys to the vehicles to Martin who was armed. Martin then gave the keys to the IRS agents.

Two days later, Rogers went to the Northborough Police Department and attempted to file a stolen vehicle report relative to the two seized vehicles. He contends that two police officers, defendants Michael Y. Edmonds ("Edmonds") and Frederick T. Perry ("Perry"), refused to allow him to file such a report.

Rogers' complaint asserts six state law claims (specifically, trespass, trespass vi et armis, conversion, intentional infliction of emotional distress, misfeasance and malfeasance) and two claims for civil rights violations (one for a substantive violation and one for conspiracy to violate civil rights) against Martin. In addition, Rogers asserts two civil rights claims against Edmonds and Perry and one claim for nonfeasance against Edmonds, Perry and Martin.

## II. Analysis

### A. *Summary Judgment Standard*

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists, summary judgment is appropriate.

### B. *Claims Against Martin*

#### 1. *Constitutional Claims*

■ Rogers asserts two constitutional claims, pursuant to 42 U.S.C. § 1983, against Martin, specifically, that Martin deprived him of his right "to be secure in his house, papers and effects from unreasonable searches and seizures" in violation of the Fourth Amendment.

The touchstone of those claims is whether Rogers had a reasonable expectation of privacy in his driveway. The Supreme Court has continually held that "what a person exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v.*

*United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In the context of IRS property seizures, the Court has stated that warrantless seizures of vehicles parked on public streets, parking lots or other open places pursuant to tax liens are not a violation of the Fourth Amendment's prohibition on unreasonable seizures. *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 351–52, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). The First Circuit has held that the IRS may conduct warrantless seizures of vehicles from driveways that are exposed to the public. *United States v. Roccio,* 981 F.2d 587, 591 (1st Cir.1992). In *Roccio,* the First Circuit held that IRS agents did not need a warrant when they seized a vehicle from an unobstructed driveway where the vehicle was visible from the street. *Id.*

There is no dispute that the two vehicles that the IRS seized were both visible from the street in an unobstructed driveway. As in *Roccio,* the IRS agents, and Martin who accompanied them, did not need a warrant when they seized Rogers' vehicles from his openly visible driveway. Rogers had no reasonable expectation of privacy in his driveway and Martin did not, therefore, violate Rogers' Fourth Amendment rights when he entered Rogers' property with the IRS agents and assisted in the seizure. Thus, Martin is entitled to judgment as a matter of law on the two constitutional claims (Counts V and VI).

### 2. *State Law Claims*

In essence, Rogers asserts that the IRS agents did not have authority to seize his vehicles and that, therefore, they were on his property and seized the vehicles illegally.

Upon determining that a tax deficiency exists, the IRS first must send a notice of deficiency to the taxpayer. 26 U.S.C. § 6212. The taxpayer then has ninety days to file a petition in the Tax Court in order to contest the deficiency determination. 26 U.S.C. § 6213. If such a petition is filed, the IRS is barred from taking any action to collect the debt until the Tax Court decision has become final. 26 U.S.C. §§ 6213(a), 6215. If no such petition is filed (or once the Tax Court decision becomes final), the IRS must then make an assessment of the deficiency, 26 U.S.C. § 6203, and send a notice and demand for payment to the taxpayer, 26 U.S.C. § 6303. If the deficiency is not paid, a lien arises in favor of the United States on all real and personal property of the taxpayer, 26 U.S.C. § 6321, as of the date of the assessment, 26 U.S.C. § 6322. The IRS may thereafter levy upon such property after providing the taxpayer with notice of its intention to do so. 26 U.S.C. § 6331.

■ The IRS complied with all prerequisites of Title 26 before obtaining a lien on Rogers' property. With respect to carrying out the levy, judicial intervention is not necessary to effectuate a seizure of property in a public place pursuant to a tax lien. *G.M. Leasing Corp.,* 429 U.S. at 351–52, 97 S.Ct. 619. After the IRS has notified the taxpayer of its intent to levy, the IRS may seize property from a public place without obtaining a warrant. *Id.;* 26 U.S.C. § 6331.

■ On November 18, 1996, the IRS notified Rogers of its intent to levy on his property. On March 5, 1998, the IRS agents, accompanied by Martin, carried out the levy by seizing two of the plaintiff's vehicles from his driveway. As explained above, an unobstructed driveway is a "public place" even if it is on private property. Thus, the IRS agents, and Martin by extension, had complied with all prerequisites for seizure of property pursuant to Title 26 and they carried out the seizure lawfully. As a result, Martin is entitled to judgment as a matter of law on Rogers' state law claims arising out of the seizure of property (Counts I–IV and VII–VIII).

### C. *Claims Against Edmonds and Perry*

■ Rogers asserts constitutional claims of denial of due process against

Edmonds and Perry arising from their refusal to permit Rogers to file a stolen vehicle report for the two vehicles seized by the IRS. As explained earlier, the IRS was authorized to seize Rogers' vehicles and they were seized in a lawful manner. The cars were, therefore, not stolen. Thus, the actions of Edmonds and Perry in refusing to accept a stolen car report were proper and they are entitled to judgment as a matter of law on Counts IX and X.

### D. Claim Against Martin, Edmonds and Perry

█ Rogers last claim alleges that all three Northborough police officers committed nonfeasance by not protecting his property from unlawful seizure. Because all of the activity engaged in by the IRS officers was lawful, none of the police officers committed nonfeasance for dereliction of their duty and they are entitled to judgment as a matter of law on Count XI.

### ORDER

For the reasons set forth in the Memorandum above, the pending motion for Summary Judgment (Docket No. 65) is ALLOWED. As a result:

1) Counts I–VIII against the defendant, Thomas Martin, are dismissed;

2) Counts IX and X against the defendants, Michael Edmonds and Frederick Perry, are dismissed; and

3) Count XI against the defendants, Thomas Martin, Michael Edmonds and Frederick Perry, is dismissed.

Therefore, all counts against all defendants having been dismissed, the case is DISMISSED.

So ordered.