

## NUMBERS 13-14-00448-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ROLANDO MEZA ROMERO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Rolando Romero, appeals his conviction for possessing a controlled substance (cocaine), more than one gram but less than four grams, a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2015 R.S.). A jury found appellant guilty and assessed punishment at six years imprisonment and a $2,500 fine. By two issues, appellant argues that (1) the controlled substance was seized

pursuant to an illegal search or arrest, and (2) the trial court committed reversible error when it did not include an article 38.23(a) jury instruction in the jury charge.   We affirm.

## I.    BACKGROUND

Following his arrest and indictment for possession of cocaine, appellant filed a motion to suppress, requesting the suppression of evidence resulting from his arrest and alleging the following in support of his motion:

(1) The Defendant was parked in his driveway causing no violation of a law; and

(2) The Defendant was taken into custody without probable cause and charged with Possession of the Cocaine [,] and it is his arrest and the possession of the cocaine [that is] the subject of this motion to suppress. Hence the custodial arrest is unlawful and the fruits of this arrest should be suppressed pursuant to article 38.23 of the Texas Code of Criminal Procedure.

During the suppression hearing, Officer Braden Tackett testified that while on a burglary patrol, he saw a pickup truck parked in the driveway of a house with the driver door open and the cabin light on.   Appellant was inside, leaning over the seat.   Officer Tackett did not see any overt illegal activity, but stated that he believed appellant was "rummaging" through the vehicle and suspected that a burglary was in progress.   Officer Tackett exited his car and approached appellant from behind.   Approaching the truck, Officer Tackett asked appellant, "Hey, what's going on?"   Officer Tackett then noticed a clear plastic bag in appellant's hand which appellant pushed under his leg.   Then, while stepping out of the truck, appellant swiped the bag off the seat where it landed on Officer Tackett's foot.   Officer Tackett recognized what he believed to be cocaine in the bag and arrested appellant.

2

During the hearing, appellant testified that the residence where he was arrested belonged to him. He explained that he had gone to sleep in his truck, woken up, and was looking for his keys when Officer Tackett approached him. Appellant denied having any narcotics in his truck. The trial court denied appellant's motion to suppress.[1]

## II. EVIDENTIARY CHALLENGE

By his first issue, appellant argues the controlled substance evidence was obtained in violation of article 38.23(a) of the Texas Code of Criminal Procedure; article I, section 9 of the Texas Constitution; and the Fourth Amendment of the United States Constitution. Appellant contends that he was sitting in a family vehicle in his driveway at the time Officer Tackett approached him. Appellant argues that his driveway is a "curtilage" of his home and that there is a "higher privacy interest [in his driveway] than if his car was parked in the street." He concludes that inasmuch as the cocaine was not in plain view from the street at the time that Officer Tackett approached him on his property, that the officer's "actions constituted an unreasonable and illegal detention . . . and [an] illegal seizure of the cocaine . . . ."

## A. Standard of Review

"In review of a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is

---

[1] During the trial, the testimony was substantially similar to the testimony offered at the pretrial hearing. Officer Tackett testified that, while patrolling at 2:00 in the morning, he noticed a truck in a driveway with the driver door open and the light on. Appellant was bent over and rummaging through the vehicle. Officer Tackett walked up to the truck. When he reached the driver door, he saw wires from the ignition hanging down and noticed that appellant had a clear plastic baggie with a white powdery substance in it. He then said to appellant "Hey, what's up?" Officer Tackett testified that the area in question where he approached appellant was in an open front yard, not behind a fence or locked gate. Appellant denied that he was bent over and rummaging through the glove box and denied that he had a baggie in his hand.

3

outside the zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). "The appellate court must apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations." *Martinez*, 348 S.W.3d at 923; *Guzman v. State,* 955 S.W.2d 85, 87–89 (Tex. Crim. App.1997).

We view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia–Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2008); *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc). When a trial court makes no explicit fact findings, as here, we infer the necessary fact findings that would support the ruling if the record evidence, viewed in the light most favorable to the trial court's ruling, supports the implied fact findings. *Garcia–Cantu,* 253 S.W.3d at 241; *Wiede,* 214 S.W.3d at 25. We must uphold the trial court's ruling if it can be upheld on any valid theory, regardless of whether the State argued it in the trial court or on appeal. *See Lewis v. State*, 664 S.W.2d 345, 347 (Tex. Crim. App. 1984) (en banc).

**B.    Applicable Law**

If an officer violates a person's privacy rights by his illegal conduct, the fruits of his search or seizure are inadmissible in a criminal proceeding under Article 38.23. *Miles v. State*,

241 S.W.3d 28, 36 (Tex. Crim. App. 2007) (citing T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 38.23(a) (West, Westlaw through 2015 R.S.)).  Article 38.23(a) of the code of criminal procedure provides:

> [n]o evidence obtained by an officer ... in violation of any provisions of the Constitution or laws ... shall be admitted in evidence against the accused at trial, and that, when evidence presented before the jury raises a question of whether the fruits of a police-initiated search or arrest were illegally obtained, —the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 38.23(a).

Article I, section 9 of the Texas Constitution protects persons from unreasonable searches and seizures by the state in the same way the Fourth Amendment protects persons from unreasonable searches and seizures by the federal government.  *Johnson v. State*, 912 S.W.2d 227, 234–35 (Tex. Crim. App. 1995) (en banc).  Article I, section 9 of the Texas Constitution states:

> The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

T<small>EX</small>. C<small>ONST</small>. art. I, § 9.

The Fourth Amendment of the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. C<small>ONST</small>. amend. IV.

5

## C.    Preservation

Appellant's argument during the hearing on the motion to suppress was that Officer Tackett had no probable cause to arrest appellant and that any evidence seized pursuant to an illegal arrest must be suppressed pursuant to article 38.23.   Now, appellant argues on constitutional grounds that Officer Tackett did not have reasonable suspicion when he approached and "seized" appellant during an investigatory detention, and, further, that the illegal detention led to the discovery of the cocaine.

Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."   *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 33.1(a)). Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."   *Id.*   (citing *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc)).   We cannot consider just the specific complaint in question; we must also look at the context.   *Id.*   But when the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal.   *Id.*; *see Lankston*, 827 S.W.3d at 907; *see also Ex parte Little*, 887 S.W.2d 62, 66 (Tex. Crim.

6

App. 1994) (en banc) ("It is only when the nature of a defendant's complaint is unclear that we should consider his objection waived.").

Neither appellant's written motion to suppress, nor his arguments during the trial court proceedings, mentioned either article I, section 9 of the Texas Constitution or the Fourth Amendment of the United States Constitution. Appellant's written motion to suppress only asserts the officer lacked probable cause to make the arrest and that "the custodial arrest is unlawful and the fruits of this arrest should be suppressed pursuant to article 38.23 of the Texas Code of Criminal Procedure." During the hearing and the trial, appellant's argument focused on the factual dispute regarding whether appellant engaged in any sort of criminal activity. Because appellant failed to raise a constitutional argument in the trial court, he is precluded from raising it on appeal. *See Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("The legal basis of a complaint raised on appeal cannot vary from that raised at trial").

D.    **Analysis**

Appellant's article 38.23 argument lacks merit. Further, even if appellant had preserved his constitutional claims for review, they are likewise without merit. There is no reasonable expectation of privacy if the activity viewed by an officer is visible from the street, or the curtilage is open to the public. *See Bower v. State,* 769 S.W.2d 887, 897 (Tex. Crim. App. 1989) (overruled on other grounds *Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991) (en banc)); *Atkins v. State,* 882 S.W.2d 910, 912 (Tex. App.— Houston [1st Dist.] 1994, pet. denied); *Washington v. State*, 152 S.W.3d 209 (Tex. App.— Amarillo 2004, no pet.). The Court of Criminal Appeals has held that a person's Fourth

7

Amendment rights are not violated when a law enforcement officer discovers evidence in plain view after intruding upon the curtilage if the officer approached the premises by the indicated usual route and did not deviate from the public pathway. *See Bower,* 769 S.W.2d at 897.

Though a home warrants a heightened measure of privacy, a driveway with an unrestricted view does not. *See Winter v. State*, 902 S.W.2d 571, 575 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (explaining that when garage door is open, rendering its contents "clearly visible from the street," there is no reasonable expectation of privacy); *Delosreyes v. State,* 853 S.W.2d 684, 690 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *United States v. Brown,* 510 F.3d 57, 65 (1st Cir. 2007) (holding that when driveway is exposed to public view it is not part of the home's curtilage protected by the Fourth Amendment); *United States v. Roccio*, 981 F.2d 587, 591 (1st Cir. 1992) (stating that if relevant part of the driveway is freely exposed to public view, it does not fall within curtilage). Appellant did not possess a reasonable expectation of privacy in his truck, while parked on his unobstructed driveway with the door open. *See Winter,* 902 S.W.2d at 575.

Moreover, the record indicates that Officer Tackett's initial interaction with appellant was a consensual encounter and was not a "seizure." *See Florida v. Bostick*, 501 U.S. 429, 434 (1991) (providing that consensual encounters are distinct type of interaction between law enforcement and citizens that do not implicate Fourth Amendment protections). It is immaterial whether Officer Tackett saw appellant committing a criminal offense before he approached. Given that Officer Tackett was

8

conducting a burglary patrol in the middle of night and noticed someone rummaging through the cab of a pickup truck, Officer Tackett's entry into appellant's property to ask routine questions was reasonable. *See Cornealius v. State*, 900 S.W.2d 731, 733–34 (Tex. Crim. App. 1995) (en banc) (citing *Rodriguez v. State*, 653 S.W.2d 305, 307 (Tex. Crim. App. 1983) (en banc)) ("[N]othing in our Constitutions prevent a police officer from addressing questions to citizens on the street; it follows that nothing would prevent him from knocking politely on any closed door."). It was during Officer Tackett's consensual encounter with appellant, and *prior to* appellant's arrest, that evidence of criminal activity literally "fell at his feet." Officer Tackett did not need any information about appellant to justify the stop and inquiry. *See Bostick*, 501 U.S. at 434; *see also Florida v. Royer*, 460 U.S. 491, 497 (1983). The cocaine was not obtained in violation of appellant's statutory and constitutional rights, and therefore, it could not have been suppressed under article 38.23(a). *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a). The trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's first issue.

### III.   JURY INSTRUCTION

By his second issue, appellant argues the trial court committed reversible error by omitting an article 38.23(a) jury instruction in the charge of the court. Appellant did not request an article 38.23 instruction, but instead argues that "fact issues" concerning the legality of the search imposed a mandatory duty on the trial court to include the instruction.

### A.   Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v.*

9

*State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (en banc); *see also Sakil v. State*, 287 S.W.3d 23, 25-26 (Tex. Crim. App. 2009).   First, we must determine whether error occurred.   If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal.   *Abdnor*, 871 S.W.2d at 731-32.   On the other hand, if we find error but the defendant did not object to the absence of the instruction, we review the error to determine whether it constituted egregious harm.   *See Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc).   Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.   *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2007)).   In sum, the error must have been so harmful as to effectively deny the accused a fair and impartial trial.   *See Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).   Egregious harm from an unobjected-to error in the jury charge is a difficult standard to prove and such a determination must be done on a case-by-case basis.   *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

**B.    Applicable Law**

Article 38.23(a) provides that no evidence obtained in violation of the law should be admitted at trial.   TEX. CODE CRIM. PROC. ANN. art. 38.23(a).   It also provides that if the evidence "raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so

obtained." *Middleton v. State*, 125 S.W.3d 450, 453–54 (Tex. Crim. App. 2003) (en banc) (citing TEX. CODE CRIM. PROC. ANN. art. 38.23(a)).

To be entitled to an article 38.23(a) instruction, the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation the defendant has identified as rendering the particular evidence inadmissible. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012) (citing *Madden v.* State, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007)). Evidence to justify an article 38.23(a) instruction can derive from any source, no matter how strong, weak, contradicted, unimpeached, or unbelievable. *Robinson*, 377 S.W.3d at 719 (quoting *Garza v. State,* 126 S.W.3d 79, 85 (Tex. Crim. App. 2004)). An article 38.23 instruction, however, must be included in the jury charge only if there is a factual dispute about how the evidence was obtained. *Garza*, 126 S.W.3d at 85; *Thomas v. State*, 723 S.W.2d 696, 708 (Tex. Crim. App. 1986) (en banc).

## C.  Discussion

Appellant argues generally that the trial court was "put on notice of the controverted issues of fact regarding appellant's detention by the motion to suppress." The controverted issue was appellant's entire defensive theory—that the cocaine did not belong to him. Appellant testified that he saw Officer Tackett approach his vehicle and, once by the driver's side door, bent down to "pick something up off the ground." That "something" was a bag of cocaine and its discovery resulted in appellant's arrest. Appellant denied having the cocaine in his hand or in the truck prior to his arrest. His

11

testimony was not about probable cause but rather a denial of guilt.

The contested facts do not involve how the evidence was obtained—retrieved from the ground—or whether the evidence was admissible. As we previously discussed, the drug evidence was legally collected and no fact issue was raised that would have rendered the evidence in question inadmissible. Without a factual dispute regarding how the relevant evidence was obtained, the court was under no obligation to include a 38.23(a) instruction. *See Garza*, 126 S.W.3d at 85. The court did not commit error by not including the instruction.

Assuming that there was error in failing to include a 38.23(a) instruction, such error would be harmless. In *Wilkerson v. State*, 933 S.W.2d 276, 281 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd), the trial court harmlessly erred in failing to give an article 38.23 jury instruction to disregard evidence found to have been illegally seized following an arrest without probable cause in a drug prosecution. Because the evidence showing probable cause for the arrest and search was exactly the same as the evidence proving the offense charged, the jury's guilty verdict necessarily indicated a finding that probable cause existed. *See id.*

As in *Wilkerson*, the jury was free to accept appellant's testimony and return a verdict of not guilty. Instead, the jury chose to believe the testimony of Officer Tackett. There is no evidence that the presence of an article 38.23 instruction would have caused the jury to give more credence to appellant's testimony. Appellant's second issue is overruled.

12

## IV. Conclusion

The judgment of the trial court is affirmed.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.

13