**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cornelius GEORGE, Defendant-Appellant.**

**No. 71-2207**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1971.

Rehearing Denied Dec. 23, 1971.

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**270**

Millard C. Farmer, Jr., Newman, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Allen I. Hirsch, Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a bank robbery conviction. Appellant argues that the trial court erred first in denying his request for a continuance and secondly in delivering an "Allen" charge.

■ Appellant was arraigned and counsel appointed on April 30, 1971. Counsel requested ten days to file motions and on the tenth day moved for discovery. The Government responded within ten days, as required, on May 24, the day of trial. The Government's response indicated an oral confession by appellant to two FBI agents. Appellant's counsel argued surprise and moved for a continuance.

The trial court questioned counsel for both sides at length out of the presence of the jury about the need for delaying the trial. The court noted that appellant's counsel had access to appellant, apparently the best source of information about his confession, and that one of the agents who received the confession was to be called as a prosecution witness. (The other agent was available

to testify but appellant did not call him). In reply appellant's counsel suggested appellant may have been taking drugs and thus could not recall his confession or the circumstances surrounding it. The court thought this unlikely, although certainly not impossible, since appellant was questioned in jail where he had been for three months on a state charge. Counsel presented no evidence in support of his intimation that appellant was under the influence of drugs when he confessed, and the FBI agent testified he appeared normal at the time of the confession.

Having carefully studied this record, we find no evidence presented by appellant to justify a continuance. The trial court did not abuse its discretion in denying the motion for a continuance.

■ Appellant argues he was denied due process of law by the district court's "Allen" charge. Although some courts have rejected the "Allen" charge, this Court has not. The district court's charge was exceedingly mild and couched in language that we believe fully protected appellant's constitutional rights.

Affirmed.

## ON PETITION FOR REHEARING

In his petition for rehearing, appellant suggests that this Court may have been influenced in its decision by its mistaken belief that FBI Agent Murphy, who was present along with Agent Harrington at appellant's confession, was in court but did not testify only because counsel for appellant did not call him. To the contrary, this Court was fully cognizant of the facts. We said in our opinion: "The other agent (Murphy) was available to testify but appellant did not call him." We based this statement on the testimony of Agent Harrington during cross-examination. When asked why Agent Murphy was not in court, he responded that it was FBI policy to have only one of the interrogating officers testify. He said, however, in reference to Murphy, "We'll be glad to get him here." Counsel for appellant did not ask for a continuance to permit Murphy's appearance and there is no indication in the record that a request for a continuance for this purpose would not have been granted.

Petition for rehearing denied.