**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-30318

(Summary Calendar)

_____

WADE MARTIN,

Petitioner - Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary

Respondent - Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC 98-CV-3666-J

February 5, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Wade Martin seeks relief pursuant to 28 U.S.C. § 2254 on the grounds that the prosecution

withheld evidence that would have demonstrated that the confession that underlies his conviction for

_____

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

murder was not voluntarily obtained.  Because we agree with the state habeas court that Martin has not demonstrated that the withheld evidence was material under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 83 S.Ct. 1194 (1963), we deny Martin's application for writ of habeas corpus.

Martin was convicted in a jury trial of murder in the second degree and sentenced to life in prison.  On direct appeal he argued, *inter alia*, that his confession was involuntary because of drug abuse, diminished mental capacity, brain damage, lack of education, and an inability to read, write, or understand, as well as the fact that he was taking prescription medication at the time of the confession.  The appellate court rejected these arguments, based on testimony that Martin spoke in a clear fashion at the time of his confession, and testimony by a deputy that jail records did not reflect that Martin had been given any prescription medication.  At some point subsequent to his direct appeal, Martin uncovered jail medical records showing that he had been given deltasone and thioridazine in the four days leading up to his confession.

Martin filed an application for post-conviction relief in state court.  The state habeas court held an evidentiary hearing with regard to his claims that (1) the prosecution suppressed jail medical records that would have shown that he had been given medication prior to his confession; and (2) the prosecution knowingly relied upon false testimony without regard to whether he had been administered medication prior to his confession.  The court denied relief, reasoning that even if it was assumed that the deputy had falsely testified about the medication, Martin had not presented any evidence showing that the medication was "mind altering" and impaired his ability to give a confession.  Martin then filed a § 2254 petition in the district court; that court dismissed the petition but granted a COA on the sole issue of whether "a *Brady* violation occurred when prosecutors failed to disclose medical records showing that petitioner was on psychiatric medication at the time he gave

his confession."

Because the state habeas court adjudicated Martin's habeas application on the merits, we apply the deferential standard of review of § 2254(d). We may not grant habeas relief unless the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Alleged *Brady* violations are mixed questions of law and fact that we review under the 2254(d) scheme on collateral review. *See Brown v. Cain*, 104 F.3d 744, 750 (5th Cir. 1997).

Martin argues that had the prosecution disclosed the medical records, his confession would have been suppressed as involuntary.[1] The state habeas court rejected this argument because Martin failed to present any evidence that the medication affected the voluntariness of his confession. Accordingly, we must decide if this requirement of the state habeas court was an unreasonable application of the *Brady* jurisprudence. Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The *Brady* standard is violated where (1) the prosecution withholds evidence (2) that

---

[1]    Martin presents a second issue of "whether the state offered into evidence false and/or misleading testimony which could have been rebutted by the withheld evidence, and misled the court based on false testimony in violation of *Napue v. Illinois*, 360 U.S. 264 (1959)." Although this is a claim related to the alleged *Brady* violation, it is not the claim on which Martin was granted a COA. In the absence of an explicit request to broaden the COA and approval of that request, we will not consider this second issue. *See United States v. Kimler*, 150 F.3d 429 (5th Cir. 1998).

is favorable to the defense, and (3) the evidence is material. *See Kyles v. Whitley*, 514 U.S. 419, 432-34, 115 S.Ct. 1555, 1565-66, 131 L.Ed.2d 490 (1995); *Spence v. Johnson*, 80 F.3d 989, 994 (5th Cir. 1996). Martin argues for a standard of materiality of "whether the undisclosed medical evidence could have substantially affected the efforts of defense counsel to impeach [the deputy]'s testimony, thereby calling into question the fairness of the ultimate decision to suppress Martin's confession." As the deputy testified that Martin was not given any medication, the records would directly contradict that testimony, perhaps making it more likely that the confession would have been suppressed as involuntary.

Martin's articulation does not quite capture the stringency of the *Brady* materiality requirement, however. According to the Supreme Court, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 682; *see also Kyles*, 514 U.S. at 434, 115 S.Ct. at 1566. The state habeas court reasoned that because Martin did not present evidence relating to the effects of the medication on his confession, this "reasonable probability" had not been shown.

The state habeas court's holding is a reasonable application of the *Brady* materiality requirement. Only if the medication affected the voluntariness of his confession is there a possibility that the confession would have been suppressed, or that the discrediting of the deputy's testimony would have been consequential. There is no per se rule mandating that confessions made after the ingestion of drugs are inadmissible; rather, the question is whether the defendant's will was overborne at the time he confessed. *See Lynumn v. State of Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9

-4-

L.Ed.2d. 922 (1963); *United States v. George*, 450 F.2d 269, 270 (5th Cir. 1971).  Here, the state

trial court, in reviewing an audio tape of Martin's confession, found that Martin's demeanor was

"clear as a bell" and that he "understood what he was doing."  All of the testimony in the record

confirms Martin's lucidity at the time of the confession.  In light of the fact that the record gives every

indication that Martin's will was not overborne, it was incumbent on him to present something

beyond his own speculative allegations of the adverse effects of the medication.[2]

Martin has also failed to demonstrate how, given his own trial testimony, the jail medical

records are material in the sense that they cast doubt on the outcome of that trial.  Martin has never

asserted his innocence of the murder; instead, his defense was that he was provoked into killing the

victim because the victim (his mother's husband) was beating his mother.  Indeed, in his cross-

examination at trial, Martin testified to many of the details of the murder in an attempt to explain the

provocation.  We have consistently held that "[t]he materiality of *Brady* evidence depends almost

entirely on the value of the evidence relative to the other evidence mustered by the State."  *Smith v.*

---

[2]        After being granted a COA, Martin has for the first time included the report of a professor of pharmacology at the Tulane medical school, indicating that thioridazine had a negative effect on the voluntariness of Martin's confession.  Martin has not, however, demonstrated that this evidence is properly considered by us at this stage.  *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989) ("[w]e will not ordinarily enlarge the record on appeal to include material not before the district court.").  Nor is Martin's failure to present the medical testimony to the state habeas court the type of default we might forgive under the cause and prejudice standard.  *See Coleman v. Thompson*, 501 U.S. 722, 724, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *cf. Townsend v. Sain*, 372 U.S. 293, 761-62, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318, (1992) (excusing a defendant's failure to present evidence that the drug he was administered before he confessed was known as a "truth serum" because "the medical experts' failure to testify fully cannot be realistically regarded as Townsend's inexcusable default.").  Martin may have been able to meet the cause and prejudice standard if, for example, his lack of access to the jail records made it impossible for him to know the name of the drug he had administered.  But Martin alleges no such excuse, such that we may not properly consider the report in this appeal.

*Black*, 904 F.2d 950, 867 (5th Cir. 1990), *judgment vacated on other grounds*, 503 U.S. 930 (1992). "[W]hen the testimony of a witness who might have been impeached is strongly corroborated by additional evidence supporting a guilty verdict, the undisclosed evidence is generally not found to be material." *Wilson v. Whitley*, 28 F.3d 433, 439 (5th Cir. 1994). At best, had Martin had access to the prison records and consequently succeeded in his attempt to suppress the confession, we would still be left with his trial testimony and the possibility of a provocation defense. The jury could easily have rejected the provocation defense based on the nature of the crime alone—that the last fight between the victim and Martin's mother occurred three days before the murder, that Martin conspired with others to lure the victim into the woods, that Martin borrowed a gun with a scope and hid in the woods waiting for the victim, and that Martin shot the victim in the back when the victim exited his car to urinate. Given the weight of the additional evidence pointing to Martin's guilt of second degree murder, the jail records establishing that Martin was medicated when he confessed to the crime are not material, and the prosecution committed no constitutional violation in withholding the records.

The decision of the district court is AFFIRMED; Martin's request to allow attachment to his brief as a supplement is DENIED.