IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40253
Summary Calendar

_____

CHIMA AGIM,

Plaintiff-Appellant,

versus

UNIDENTIFIED TALIAFERRO, Lieutenant;
LUMPKIN, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-427
--------------------
August 19, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Chima Agim, Texas prisoner #870112, appeals the district court's dismissal with prejudice of his civil rights complaint as malicious under 28 U.S.C. § 1915. Agim argues the district court erred in failing to order defendants to comply with his discovery request; the district court erred in disallowing the majority of his proposed witnesses; the district court erred in failing to continue the trial so he could conduct discovery and amend his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint; the district court erred in failing to make sure he understood the meaning of the word "hurt" as it was used at trial; and the district court's dismissal should be reversed based upon the alleged perjury of two of the witnesses at trial. He also argues that the district court erred in denying his motion for appointment of counsel. Given the district court's inability to produce a transcript of the trial, we have reviewed the video conference of the bench trial.

The district court did not err before trial in failing to compel discovery by the defendants as the defendants filed a notice of disclosure, and Agim did not file anything with the district court, arguing that the defendants failed to make a full disclosure or asking that the defendants produce requested discovery. The district court also did not abuse its discretion during the trial in failing to make defendants produce pictures which purportedly showed an injury to Agim's leg as defense counsel advised the court that the medical record was complete with respect to the incident in question. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986). The district court also did not abuse its discretion in allowing only Jeff Boyd and Nurse Griffins to testify on behalf of Agim at trial. See Young v. City of New Orleans, 751 F.2d 794, 796 (5th Cir. 1985).

Agim did not move for a continuance either before or during trial. Although Agim did make several references during trial to witnesses who could allegedly testify regarding times he was beaten by other inmates at the direction of prison officials, he conceded to the court that he could not fully remember these incidents. Accordingly, there was no abuse of discretion by the district court in failing to continue the trial so Agim could conduct further discovery. Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1029 (5th Cir. 1983); Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1156 (5th Cir. 1993).

Agim's remaining arguments are without merit. Although Agim may have been confused about the district court's use of the term "hurt," he unmistakably told the district court that his back was injured as a result of the incident on October 6, 1999. The district court apparently did not credit this testimony, and we will not revisit the court's credibility determination. See Pemberton v. Collins, 991 F.2d 1218, 1225 (5th Cir. 1993). Similarly, we will not revisit the credibility determinations by the court of the other witnesses at trial. Id.

As Agim did not present exceptional circumstances warranting the appointment of counsel, the district court did not abuse its discretion in refusing to appoint counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). His motion for appointment of counsel to this court is DENIED. His motion to

file out-of-time exhibits with this court is also DENIED.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Agim's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Agim has previously been issued two strikes by this court.  See Agim v. Lumpkin, No. 01-41153 (5th Cir. April 11, 2002).  As Agim has accumulated three strikes, he may not proceed *in forma pauperis* in any civil action or appeal brought in a United States court while he is incarcerated unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; DENY MOTIONS; THREE-STRIKES BAR IMPOSED.