**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gene Allen FLORES,**
**Defendant–Appellant.**

**No. 88–2783**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1989.
Rehearing Denied Dec. 26, 1989.

**544**

Gene Allen Flores, Houston, Tex., pro se.

Frances H. Stacy, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Paula C. Offenhauser, Kathlyn Giannuala, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges:

PER CURIAM:

Flores, a chronic tax delinquent, appeals his conviction, pursuant to 18 U.S.C. Section 2233, of rescuing property levied on and seized by the Revenue Service; and we affirm. The facts are simple; while Flores was discussing his various tax failings with agents at a Revenue Service facility, they levied on his only known asset, a 1984 Cadillac automobile. Over the explicit warnings of several agents not to do so, and in defiance of a seizure warning tag taped to the windshield of the car, Flores drove it away.

### Analysis

The offense of rescuing seized property is defined as follows:

Whoever forcibly rescues, dispossesses, or attempts to rescue or dispossess any property, articles, or objects after the same shall have been taken, detained, or seized by any officer or other person under the authority of any revenue law of the United States, or by any person

authorized to make searches and seizures, shall be fined not more than $2,000 or imprisoned not more than two years or both.

18 U.S.C. Section 2233.

This statutory provision has been interpreted only once in our Circuit, in *United States v. Spicer,* 547 F.2d 1228 (5th Cir.), *cert. denied,* 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977), and only once in recent times in any other. *See United States v. Sanders,* 862 F.2d 79, 81–82 (4th Cir.1988). Faced with virtually no precedent interpreting this provision, we in *Spicer* and the Fourth Circuit in *Sanders* based our considerations of a Section 2233 violation on the more numerous cases construing the nearly identical provisions of 26 U.S.C. Section 7212(b). That statute provides:

Any person who forcibly rescues or causes to be rescued any property after it shall have been seized under this title, or shall attempt or endeavor so to do, shall, excepting in cases otherwise provided for, for every such offense, be fined not more than $500, or not more than double the value of the property so rescued, whichever is the greater, or be imprisoned not more than 2 years.

Flores's voluminous, though largely irrelevant, pro se brief on appeal maintains generally that, as there was no lawful seizure of the Cadillac by the government, Flores had a right to drive it away. Specifically, he contends that the seizing agent named in the indictment was without authority to make the seizure and that in any case a seizure could not be constitutionally effected without a court-ordered money judgment and a writ of attachment. Additionally, Flores challenges the validity of the seizure on the basis of a host of technical procedural errors. Under a liberal construction of Flores's pro se brief, his claims may best be described as challenges to the constitutionality of the statute as well as to the adequacy of the district court's instructions to the jury on the seizure element of the offense.

Flores's constitutional challenge is meritless. Judicial intervention is not necessary before the Revenue Service can make a seizure of property in a public

place. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351–52, 97 S.Ct. 619, 627–29, 50 L.Ed.2d 530 (1977). In today's case, Flores's car was seized in the Revenue Service parking lot, something of a paradigm of the sort. Moreover, it was long ago established that neither a court-ordered money judgment nor any judicial proceeding is prerequisite to the Service's right to seize property. *Phillips v. Commissioner*, 283 U.S. 589, 593–97, 51 S.Ct. 608, 610–12, 75 L.Ed. 1289 (1931); *See G.M. Leasing*, 429 U.S. at 352 n. 18, 97 S.Ct. at 628 n. 18; *Fuentes v. Shevin*, 407 U.S. 67, 91–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1977); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986).

■ Flores's other challenges to the lawfulness of the seizure are equally meritless. The district court instructed the jury that it was not required to find that the Service met all of the technical legal requirements for perfecting a seizure in order for the seizure to be sufficient for purposes of the statute. This instruction was entirely proper.

In construing the analogous provisions of 26 U.S.C. Section 7212(b), we have stated:

> Lawfulness of a seizure under section 7212(b) "means only that it was performed by a proper official with general authority under the tax code to make the seizure." *United States v. Main*, 598 F.2d 1086, 1090 (7th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979). *Thus, disputes concerning other aspects of the legality of a seizure are not relevant to the elements of the crime of forcible rescue. Id.; see United States v. Scolnick*, 392 F.2d 320, 326 (3rd Cir.), *cert. denied*, 392 U.S. 931, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968).

*United States v. Hardaway*, 731 F.2d 1138, 1140 (5th Cir.1984) (emphasis added).

The policy considerations lying behind this construction are obvious. Section 7212(b) " 'represents a legislative determination that in the context of the enforcement of the tax laws, once property had been seized, the risk of disorder by violent recovery of the property should be avoided entirely and the one who claims the right to the property should pursue legal remedies.' " *Sanders*, 862 F.2d at 83 (quoting *Main*, 598 F.2d at 1091).

■ Consistent with the above analysis, Flores will not be heard to challenge Agent Scott's authority to make the seizure. The Service has delegated the authority to sign a notice of levy form to revenue agents at employment levels of GS–9 and higher. It is unclear whether that means that a GS–9 was also required to perform the acts of seizure, such as serving the appropriate notices and placing the seizure tag on the vehicle. In any case, the fact that Agent Scott was only a GS–7 amounts, at best, to a mere technical violation. The seizure was authorized under the tax code and was made by agents of the Service. Flores does not contend that he knew agent Scott was without authority to make the seizure at the time he committed the offense, and he will not now be able to challenge his conviction on the basis of a claimed violation of an internal operating procedure of the Revenue Service.

■ Even were an agent's lack of authority to make a seizure under IRS rules a ground for reversing a conviction, Flores's claim would still fail. The district court instructed the jury that it was required to find that the seizure was performed by an agent with a GS rating of 9 or higher. The evidence revealed that, although Agent Scott signed the notice of levy, two other agents, both of whom were at GS level 9, also signed the form as required under Revenue Service procedures. Moreover, one of those agents was present when Scott presented the notice of levy to Flores and placed the seizure warning on the car. Thus, the evidence presented to the jury was sufficient to support a finding that the seizure was performed by an authorized agent.

■ Flores's claim may also be construed as alleging a fatal variance between the indictment and the proof at trial. The indictment alleges that Flores "did knowingly and forcibly rescue property, to-wit: a 1984 Cadillac after it had been seized by Gwendolyn Scott, an Internal Revenue Service Revenue Officer then and there having authority under the revenue laws of the

United States to make searches and seizures." To the extent that the government may have been required to prove that the seizure was performed by an agent with a grade of GS–9 or greater, the variance between the indictment and the proof at trial would not be reversible error because Flores's substantial rights were not prejudiced by the variance. *See United States v. Massey,* 827 F.2d 995, 1003 (5th Cir. 1987). The indictment adequately advised Flores of the charges against him, so that he was able to prepare a defense without surprise at trial and be protected against a subsequent prosecution for the same offense. *See United States v. Cook,* 586 F.2d 572, 575 (5th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

Finally, Flores's motion to supplement the record with evidence from a civil suit which he filed against the Service with respect to the seizure of his car must be denied. We will not ordinarily enlarge the record on appeal to include material not before the district court. *Kemlon Prods. & Dev. Co. v. United States,* 646 F.2d 223, 224 (5th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). This rule extends to items in the record of a related civil action between the same parties. *Id.*

AFFIRMED.