IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40402
Summary Calendar
_____


AARON HEITMAN,

                                        Plaintiff-Appellant,

versus

RICK EDWARDS; RICHARD
CARROLL; JON MCCARTY;
GOVERNING BOARD OF
CITY OF ALLEN, TEXAS,

                                        Defendants,

RICK EDWARDS; RICHARD
CARROLL; GOVERNING BOARD
OF CITY OF ALLEN, TEXAS,

                                        Defendants -Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CV-141
- - - - - - - - - -
January 20, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

     Aaron Heitman has appealed from the district court's order

granting the defendants' motion for summary judgment on the issue

whether defendant Edwards arrested him without probable cause.

Heitman failed to come forth with admissible material evidence

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

controverting the evidence presented by the defendants showing that Officer Edwards had probable cause to believe that Heitman had provided the officer with a false identity and that Heitman had witnessed a crime. Therefore, the district court did not err in granting the defendants' summary-judgment motion on the probable-cause issue. Heitman's argument that the district court erred in denying his motion for reconsideration of the issue is without merit because Heitman did not present any additional admissible evidence that warranted a reversal of the initial determination.

Heitman argues that the district court erred in instructing the jury that it had determined that Edwards had probable cause to make the arrest and that the jury was not to determine that issue. Because Heitman did not object to the instruction in the district court, the issue is subject to plain-error review only. Because we have found that the district court properly granted summary judgment on the probable-cause issue, it did not plainly err in instructing the jury that it was not within its province to determine such issue.

Heitman argues that the district court erred in giving the defendants' requested instruction on a defense which Heitman contends was initially raised at the jury-charge conference. In charging the jury on the defense of qualified immunity which had been raised by the defendants in their pleadings, the district court properly instructed the jury on the law governing

an officer's use of force in the course of making an arrest. The instruction was necessary to assist the jury in determining whether the officer's action was objectively reasonable under the law. See Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir. 1997).

Heitman argues that the district court abused its discretion in refusing to allow him to introduce a tape recording of a 911 call made to the police complaining about the conduct of Officer Edwards. He argued that this evidence would have shown that the supervisory officials had knowledge of Edwards' misconduct. This issue was rendered moot based on Heitman's failure to show that Edwards' conduct constituted a violation of his constitutional rights.

Heitman argues that the district court erred in not allowing him to introduce evidence of other complaints of the use of excessive force by Edwards. Heitman was permitted to introduce evidence of other complaints through the testimony of two witnesses. Heitman cannot complain about the district court's exclusion of other evidence of complaints because Heitman failed to comply with the district court's known requirements for the admission of such evidence.

Heitman has waived his argument that the district court erred in instructing the jury that Officer Edwards had probable cause to arrest one of the witnesses who testified that Edwards had employed excessive force against her in the course of her arrest. Heitman failed to provide this court with any record

citations to support this argument or to show that it was raised in the district court.  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994).

Heitman argues that the district court erred in awarding the defendants court costs as the prevailing parties in the case because they engaged in acts of misconduct during the course of the district court proceedings.  Based on the record presented, the district court did not abuse its discretion in awarding the defendants the court costs.  See Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992).

The defendants' motion to strike volume 5 of the appeal record is GRANTED.  United States v.  Flores, 887 F.2d 543, 546 (5th Cir. 1989).

AFFIRMED.