IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50736
Conference Calendar

_____

WILBERT ANTONIO COLEMAN, Pastor,

Plaintiff-Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,
Houston Regional Office,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-376
- - - - - - - - - -

February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Wilbert Antonio Coleman appeals the district court's dismissal of his complaint for want of subject-matter jurisdiction, insufficient service, and failure to state a claim for which relief can be granted. See FED. R. CIV. P. 12(b)(1), (4), (6). To the extent that Coleman relies upon documents which were not presented to the district court, we do not consider

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

them.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Coleman insists that his complaint is not a qui tam action but yet still arises under 31 U.S.C. § 3730.  Sections 3729 and 3730 of Chapter 31 will not support a private individual's action against the Government or its agencies.  See Coleman v. U.S. Dep't of Veterans Affairs, No. 98-50168 (5th Cir. Oct. 20, 1998) (unpublished).  We have reviewed the remainder of Coleman's appellate arguments.  We independently conclude that the district court did not err in dismissing the complaint for want of subject-matter jurisdiction.  See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

This appeal is without arguable merit and thus frivolous. It is DISMISSED.  See 5TH CIR. R. 42.2.

This is not the first frivolous appeal brought by Coleman. In Coleman, No. 98-50268, slip op. at 2, we cautioned Coleman of the consequences of bringing frivolous appeals and directed him to review any pending appeals to ensure that they did not raise frivolous arguments.  Coleman has not heeded our warning. Therefore, IT IS ORDERED that Coleman is sanctioned[3] $105, thus doubling his cost of bringing this appeal.  IT IS ALSO ORDERED

---

[3]  The appellee has not moved for sanctions.  We have the authority to impose sanctions sua sponte.  See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988).  The appellee asks for affirmance of the dismissal but with a modification to the judgment so that dismissal is with prejudice.  The appellee did not cross-appeal and therefore, cannot seek to enlarge its rights under the judgment on appeal.  See Texas Commerce Bank Nat'l Assoc. v. National Royalty Corp., 799 F.2d 1081, 1083 (5th Cir. 1986).

that Coleman remit payment to the Clerk of this Court.  The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any pro se civil complaint or appeal by Coleman unless Coleman submits proof of satisfaction of this sanction.

APPEAL DISMISSED.  SANCTION IMPOSED.