IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50387
Conference Calendar

_____

BRUCE W. HOUSER,

Plaintiff-Appellant,

versus

BRUCE ARMSTRONG; RALPH
CHRISTIANSEN; KEVIN CLARK;
MICHAEL MCILVANNA; ANTHONY
PATRICK; JESSIE SHUK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-239
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Bruce W. Houser, Texas prisoner # 460890, argues that the district court erred in granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint as time-barred. Houser argues that the case should be remanded to permit him to amend his complaint to allege a claim that he was denied access to the courts.

Houser has not addressed on appeal his contention that the statute of limitations period was tolled by his pending grievance

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings.  Thus, Houser has abandoned that claim.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Houser's argument made for the first time on appeal that he was precluded from timely filing his petition because prison officials had confiscated his legal materials in retaliation for his filing complaints against them would require the resolution of factual issues that were not presented to the district court.  Therefore, this issue is not subject to review.  See Diaz v. Collins, 114 F.3d 69, 71 n.5 (5th Cir. 1997).

Houser cannot demonstrate any error by the district court relating to his right to amend his complaint because he did not seek to file an amendment in the district court.  Insofar as Houser is attempting to raise a denial-of-access-to-the-court claim for the first time on appeal, such claim is not subject to review because it would involve the resolution of factual issues.  See Diaz, 114 F.3d at 71 n.5.

Houser has submitted with his brief documents to support his denial-of-access-to-the-court claim which were not presented to the district court.  This court will generally not consider new evidence on appeal.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Houser has not demonstrated that the district court erred in dismissing his complaint for failure to state a claim.

Houser has requested the appointment of counsel.  Houser has not demonstrated that this case presents "exceptional circumstances" warranting the appointment of counsel.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Houser's motion

for appointment of counsel is DENIED.

This appeal is frivolous; it is DISMISSED.  5th Cir. R. 42.2.