IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11417
Summary Calendar
_____

BLAIR NICOLE MACKENZIE,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF PUBLIC SAFETY ET AL.,

Defendants,

AWILDA CARTAGENA, Sergeant,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2216-G
--------------------
August 29, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Blair Nicole MacKenzie appeals the district court's grant of
summary judgment to Sgt. Awilda Cartagena in her civil rights
suit arising from Cartagena's taking of MacKenzie's minor
daughter, Leigh, who had been reported as a missing child.

MacKenzie challenges the district court's discovery ruling
which limited MacKenzie's access to the contents of a Texas
Department of Public Safety report.  MacKenzie wanted more than a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

redacted copy of the report.  Our review of the issue reveals no abuse of discretion by the district court in its discovery ruling.  See HC Gun & Knife Shows, Inc. v. City of Houston, 201 F.3d 544, 549 (5th Cir. 2000).

Based on our independent review of the summary-judgment evidence and MacKenzie's appellate arguments, we conclude that the district court did not err in granting judgment for Cartagena.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  We have not considered MacKenzie's references to evidence which she failed to bring before the district court.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

The summary-judgment evidence demonstrated that Cartagena's investigation and subsequent removal of Leigh from MacKenzie's control complied with the Texas law concerning missing children and that no constitutional violation occurred.  MacKenzie failed to meet her summary-judgment burden as the nonmovant.  See Little, 37 F.3d at 1075.  To the extent that MacKenzie questions the constitutionality of the Texas law concerning missing children, see TEX. CRIM. P. CODE ANN. arts. 62.002 - 62.009 (West 1997) (presently codified at arts. 63.001 - 63.022 (West Supp. 1999), MacKenzie brought suit against Cartagena for her actions. Cartagena's individual acts, which the summary-judgment evidence established as in compliance with art. 62.009, were objectively reasonable and thus, she was entitled to qualified immunity.  See Wooley v. City of Baton Rouge, 211 F.3d 913, 918-19 (5th Cir. 2000) (explaining qualified immunity).

AFFIRMED.