**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-40245
Summary Calendar

RAUL LIRA,

Plaintiff-Appellant,

versus

KERRY BIRDWELL, School Principal;
BILLIE FITTS, Vocational Instructor;
J. BULLOCK, School Counselor;
ROBERT HERRERA, Assistant Warden, Michael Unit;
MIKE MORROW, Superintendent,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-590
- - - - - - - - - - -
September 28, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raul Lira appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint, which was dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). Lira alleged that the defendants wrongfully removed him from his prison job, denied him admission to a vocational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

training program, and denied him parole eligibility. Lira argues that the district court used the wrong legal standard. He asserts that his claims arise under the Fourteenth Amendment Equal Protection and Due Process Clauses rather than under the Eighth Amendment. He reasserts that his parole eligibility has been adversely affected because the defendants denied him access to vocational training.

Lira has filed a motion to supplement the record. This motion is DENIED. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989). In his § 1983 complaint, Lira alleged that he was wrongfully terminated from prison employment. He fails to argue the issue in his brief on appeal; therefore, the claim is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). In the Eighth Amendment context, this court has held that the state has no constitutional obligation to provide basic educational or vocational training to prisoners. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Newman v. Alabama*, 559 F.2d 283, 292 (5th Cir. 1977). Although Lira argues that the district court should have addressed this claim under the Equal Protection and Due Process Clauses, he has failed to state a claim for relief under the Fourteenth Amendment. Lira's complaint failed to state an equal protection claim, because he did not allege that he was treated differently from similarly situated prisoners or that the defendants interfered with a fundamental right. *See Hatten v. Rains*, 854 F.2d 687, 690 (5th Cir. 1988); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988). Lira also has failed to state a due process claim relating to his vocational training and its

affect on parole eligibility. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000)(holding that Texas prisoners have no constitutional expectancy of parole sufficient to support due process claim); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)(holding that Texas prisoners do not have a protected liberty interest in parole). Accordingly, the judgment is AFFIRMED.

The dismissal counts as a strike against Lira for purposes of 28 U.S.C. § 1915. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). If Lira accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g). Lira is cautioned to review any pending appeals to ensure that they do not raise frivolous issues.

AFFIRMED; MOTION DENIED; SANCTIONS WARNING ISSUED.