IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60917
Summary Calendar
_____


JOHN JOSEPH DEDEAUX, SR.

                    Plaintiff - Appellant

    v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; ET AL,

                    Defendants

MISSISSIPPI DEPARTMENT OF CORRECTIONS, JOHN BEARRY; RICHARD
KNUTSON; JOHN DIAL, Dr; JOHNATHAN CAMPBELL

                    Defendants - Appellees


-------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-181-EMB
-------------------
August 26, 2002

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    John Joseph Dedeaux, Sr., Mississippi prisoner #93417,

appeals the district court's grant of the defendants' motion for

judgment as a matter of law pursuant to FED. R. CIV. P. 50.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dedeaux argues that the district court erred in determining that he failed to establish defendants' deliberate indifference to the need for medical treatment to his back and his right foot. He also argues that the district court erred in not allowing him to have a jury trial, in not allowing him to call witnesses in his "defense," and in not telling him how much it would cost to call expert witnesses. As Dedeaux has not briefed his claims that defendants were deliberately indifferent to his need for medical treatment to his left knee and that they were deliberately indifferent to his medical needs by lowering his medical classification, these claims have been waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). In addition, we will not consider Dedeaux's medical records, submitted to this court as "record excerpts," as the medical records were not introduced into evidence in the district court. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

We review the grant of a judgment as a matter of law *de novo*. Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1042 (5th Cir. 1998). Judgment under Rule 50 is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 149 (2000)(quoting FED. R. CIV. P. 50(a)).

Dedeaux's claims amount to nothing more than that of negligence by the defendants in not ensuring that he received

treatment for his back and his right foot more quickly.  Claims of negligence, neglect, or medical malpractice are insufficient to give rise to a 42 U.S.C. § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Dedeaux's remaining arguments are also without merit.  Dedeaux was afforded a jury trial, and he was given the opportunity to call witnesses at trial.  Moreover, Dedeaux provides no support for his argument that the district court should bear the burden of investigating and informing him of the costs of retaining expert witnesses for trial.

AFFIRMED.