IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30853
Summary Calendar
_____

WAYNE THOMAS DOWDY,

        Petitioner-Appellant,

versus

WARDEN UNITED STATES PENITENTIARY POLLOCK,

        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1134
_____

February 7, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Wayne Thomas Dowdy, federal prisoner #39311-019, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Dowdy has also filed a motion to supplement the record with an affidavit not presented to the district court. That motion is DENIED.[1]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1986) ("We will not ordinarily enlarge the record on appeal to include material not before the district court.").

A § 2241 petition such as Dowdy's which attacks custody resulting from a federally imposed sentence may only be entertained if the petitioner satisfies the requirements of the "savings clause" of § 2255.[2]  That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[3]

The prisoner bears the burden of coming forward with evidence demonstrating the inadequacy or ineffectiveness of a § 2255 motion.[4]

Two factors must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. "First, the petitioner's claim must be 'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense.'"[5] Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's

---

[2] *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

[3] 28 U.S.C. § 2255.

[4] *Jeffers*, 253 F.3d at 830.

[5] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

trial, appeal, or first § 2255 motion."[6]  Although Dowdy contends

that the actual innocence requirement has the effect of suspending

the writ of habeas corpus, we have previously rejected this

argument.[7]

Citing *Alabama v. Bozeman*, Dowdy argues that the district

court in Georgia lacked jurisdiction over his criminal prosecution

due to a violation of the Interstate Agreement on Detainers (IAD).[8]

Dowdy asserts that his remedy under § 2255 was inadequate because

the trial court refused to address his substantive claims relating

to the alleged IAD violation.  However, as conceded by Dowdy in his

---

[6] *Id.*

[7] *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343 (5th
Cir. 2002).  In *Wesson*, the court explained:

> Wesson argues that the *Reyes-Requena* test, which requires
> a showing of actual innocence in order to invoke the
> savings clause of § 2255, impermissibly denies him his
> constitutional right to file a habeas petition.  In his
> view, the savings clause of § 2255 provides a means to
> petition the courts for the issuance of the "Great Writ"
> when § 2255 is inadequate or unavailable.  He thus argues
> that he may proceed by virtue of the savings clause of §
> 2255 simply because § 2255 is not available to him,
> without regard to his actual innocence....
>     Wesson's argument is without merit.  This court must
> apply the *Reyes-Requena* actual innocence test as the
> binding precedent in this circuit, and the district court
> correctly relied upon *Reyes-Requena* in its evaluation of
> whether Wesson should be able to proceed under the
> savings clause of § 2255. Moreover, this court has held
> that the savings clause under § 2255 does not violate the
> Suspension Clause.

*Id.* at 346-47.

[8] 533 U.S. 146 (2001).

§ 2241 petition, *Bozeman* is neither retroactive to cases on collateral review nor establishes that he was convicted of a nonexistent offense. Accordingly, Dowdy's alleged IAD violation argument fails to satisfy the first prerequisite to application of the savings clause. The district court's dismissal of Dowdy's § 2241 petition is therefore AFFIRMED.