United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20112
Summary Calendar

SARAH D. SONNIER,

Petitioner-Appellant,

versus

WARDEN JOYCE FRANCIS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-16
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sarah Sonnier, a federal prisoner, was convicted of interstate travel in aid of unlawful activity and sentenced to fifty-seven months' imprisonment. She appeals the dismissal of her 28 U.S.C. § 2241 petition, which alleged that the Bureau of Prisons ("BOP") had violated her constitutional rights by designating service of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the last ten percent of her sentence to be at a community confinement center ("CCC") instead of on home confinement.  Sonnier challenged the applicability of the BOP's new policy, see 28 C.F.R. § 570.21, to the execution of her sentence, but she specifically declined to challenge the validity of that policy.

Sonnier now seeks to argue on appeal that 28 C.F.R. §§ 570.20 and 570.21 are invalid and that her due process rights were violated because she was sentenced based on unspecified false information and because the change in the BOP's policy defeated the sentencing court's intent to limit the time she would be incarcerated.  She did not raise these arguments before the district court, and we will not address them for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Sonnier argues that the district court erred in holding that application of § 570.21 did not violate the Ex Post Facto or Equal Protection Clause.  A law violates the Ex Post Facto Clause if it applies to events occurring before its enactment and creates "a sufficient risk of increasing the punishment attached to the defendant's crimes."  Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000); see California Dep't of Corrs. v. Morales, 514 U.S. 499, 509 (1995); Weaver v. Graham, 450 U.S. 24, 29 (1981).  Because nothing in the new policy increased the length of Sonnier's sentence or the punishment for her crime, she has not established an ex post facto violation.  See Morales, 514 U.S. at 506 n.3.

Sonnier asserts that her equal protection rights are being violated because another prisoner was sentenced to 60 months and served 18 months in a CCC and six months on home confinement and because prisoners in the Third Circuit are being treated differently in light of <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3rd Cir. 2005) (finding § 570.21 invalid in light of 18 U.S.C. § 3621). The Equal Protection Clause protects similarly situated people from being treated differently without a rational basis. <u>See</u> <u>United States v. Abou-Kassem</u>, 78 F.3d 161, 165 (5th Cir. 1996). Sonnier has not shown that she is being treated differently from any other similarly situated prisoner, so this argument is without merit.

Sonnier's motions for a preliminary injunction, a temporary restraining order, and to supplement the record are DENIED. <u>See</u> <u>United States v. Flores</u>, 887 F.2d 543, 546 (5th Cir. 1989). The judgment is AFFIRMED.