United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────

No. 06-51236
Summary Calendar

───────────

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO MANUEL CEJA

Defendant-Appellant

─────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-137-3

─────────────────

Before  JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Sergio Manuel Ceja of conspiring to distribute at least 500 grams of methamphetamine, possessing with intent to distribute methamphetamine, possessing with intent to distribute crack cocaine, and conspiring to possess with intent to distribute crack cocaine.  He appeals his convictions. He contends that the evidence was insufficient to sustain the jury's verdict, arguing that no controlled substances were ever found on his person, in his vehicle, or in his residence.

─────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record leads us to conclude that Ceja's sufficiency challenge fails. There was ample evidence presented to the jury concerning Ceja's sales or purchases of methamphetamine and crack cocaine in numerous transactions. The testimony of two witnesses contradicted Ceja's denial of knowledge of the drug cache found in the sock of his companion, a person he regularly supplied with controlled substances, on the night of his arrest. Additionally, one witness testified about her daily methamphetamine and cocaine buys from Ceja during a two-and-a-half-month period. Another witness testified that he had supplied Ceja with amphetamine for distribution to Ceja's buyers and had bought powder cocaine from Ceja and Ceja's brother. Considering all the evidence in the light most favorable to the verdict, we find that a reasonable trier of fact could have found that the evidence established Ceja's guilt beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Ceja also argues that the denial of evidentiary objections and of his motion for mistrial, based on a hearsay utterance that two of his co-conspirators had purchased drugs from him, constituted reversible error affecting his substantial rights. Our review convinces us that the hearsay testimony introduced nothing new to Ceja's trial; it only confirmed the prior testimony of two women that they purchased illegal narcotics from Ceja on numerous occasions. Because there is no significant possibility that the utterance "had a substantial impact upon the jury verdict, viewed in light of the entire record," United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998), we reject Ceja's argument.

Ceja also contends that prosecution witnesses conferred after FED. R. EVID. 615 had been invoked and before they themselves testified. In support of his argument, he refers to an affidavit that is not in the record, contending that it constitutes newly discovered evidence under FED. R. CRIM. P. 33(b)(1). We will not ordinarily enlarge the record on appeal to include evidence not before the district court. United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Further, there is nothing in the record to show that Ceja has ever brought a Rule 33 motion to vacate his conviction based on allegedly new evidence.

Finally, we reject Ceja's assertion that plain error occurred because of the cumulative effect of allegedly prejudicial and inadmissible evidence. Consequently, Ceja's conviction is AFFIRMED.