IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-10062
Summary Calendar

SHELBY WAYNE FIFE

Plaintiff-Appellant

v.

NFN HENSLEY, Health and Medical Administrator; SHANE MARTINEZ, Health and Medical Administrator; BEN LUONG, Physician-Medical Director, Preston E. Smith Unit

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-203

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Shelby Wayne Fife, formerly Texas prisoner # 1039740, appeals the district court's grant of summary judgment for the defendants and dismissal of his 42 U.S.C. § 1983 complaint. Fife alleged that the defendants were deliberately indifferent to his serious medical needs following an allegedly botched surgery on his left foot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As an initial matter, Fife's motion to supplement the record on appeal is denied. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989). The district court did not abuse its discretion by denying Fife's motion to supplement his complaint with claims of retaliation and harassment by the defendants, so we too decline to consider these claims in this appeal. See Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)

We review the grant of a motion for summary judgment de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A mere disagreement with one's medical treatment is not sufficient to state a cause of action under § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Further, unsuccessful medical treatment, negligence, or medical malpractice are insufficient to give rise to a claim of deliberate indifference. Id.

The district court did not err in granting summary judgment because Hensley and Martinez were not deliberately indifferent: Fife received surgery on both of his feet; he was referred for evaluation of a possible corrective second surgery for his left foot; he obtained custom orthopedic shoes to help alleviate his

condition; he was seen by the medical department personnel on numerous occasions; and he received various pain medications. Given the extremely limited authority of Hensley and Martinez to affect patient care directly, their actions do not show they acted with deliberate indifference to Fife's serious medical needs.

Neither did the district court err when it granted summary judgment in favor of Dr. Luong because he was not deliberately indifferent either. Dr. Luong saw Fife on a number of occasions and prescribed various medications for him. Although Dr. Luong did not immediately refer Fife for corrective surgery and initially refused to grant Fife a pass to wear his orthopedic shoes, the records indicate that Dr. Luong justified his decisions on the basis of medical necessity. Furthermore, Dr. Luong did eventually refer Fife for evaluation of possible corrective surgery. To the extent that Dr. Luong's medical opinions differed from those of Fife or other medical providers, such a difference of opinion does not give rise to a claim of deliberate indifference. See Varnado, 920 F.2d at 321; Gobert v. Caldwell, 463 F.3d 339, 350 n. 32 (5th Cir. 2006).

AFFIRMED; MOTION DENIED.