# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50286
Conference Calendar

JAMES MCHENRY

Petitioner-Appellant

v.

FIELD OFFICER FNU MANOR; FIELD LIEUTENANT FNU RIGAMONTI;
DANNY DUBBERLY; MS FNU EGAN; PA FNU SMITH; MS FNU BUCANNON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-141

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

James McHenry, Texas prisoner # 455597, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. By filing such a motion, McHenry is challenging the district court's certification, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before he may file a § 1983 suit against prison officials. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). We review de novo a district court's summary judgment dismissal of a § 1983 complaint. *Walker v. Epps*, 550 F.3d 407, 410 (5th Cir. 2008).

With their motion for summary judgment, the defendants presented evidence that McHenry failed to complete the Texas Department of Criminal Justice's grievance process with regard to any of the grievances he submitted complaining of the events underlying his § 1983 complaint. McHenry presented nothing in district court, either in his response to the summary judgment motion or in his Federal Rule of Civil Procedure 59(e) motion, to raise a genuine issue of material fact as to whether he had exhausted his administrative remedies.

For the first time on appeal, McHenry has submitted copies of Step 1 and Step 2 grievances that he contends he submitted to prison authorities. McHenry argues that prison authorities interfered with his attempts to exhaust his administrative remedies by improperly returning the documents unprocessed. We "will not ordinarily enlarge the record on appeal to include material not before the district court." *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989). In any event, the documents do not raise a genuine issue of material fact as to whether McHenry exhausted his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93-94 (2006) (holding that a prisoner must comply with all procedural rules to exhaust his administrative remedies).

McHenry has not established that the district court erred by granting summary judgment in favor of the defendants. Thus, he has not demonstrated that he will raise a nonfrivolous issue on appeal. *See* § 1915(a). McHenry's request for IFP status is denied. Because his appeal is frivolous, *see Howard v.*

*King*, 707 F.2d 215, 219-20 (5th Cir. 1983), it is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution McHenry that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.