# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-30323
Summary Calendar

GORDON STRAKER,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-995

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gordon Straker, federal detainee # 25779-265, requests permission to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he challenged his continued detention beyond the presumptively reasonable six-month period following a final order of removal.

A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., that the appeal presents

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Frivolous is defined as "lack[ing] an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). If the appeal is frivolous, this court may dismiss it sua sponte. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Based on the current appellate record, Straker did not show that there was no significant likelihood that he would be removed in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The record contained evidence that the Government repeatedly sought to obtain travel documents from the consulate of St. Vincent and the Grenadines. The Government was unable to remove Straker because he had a petition for review pending in this court, and he was experiencing a medical condition that demanded general surgery. Straker failed to establish either that this court would not imminently dispose of his petition for review, or that he was experiencing a medical condition that disqualified him from being issued travel documents upon the completion of his surgery.

We note that Straker, who presently remains in custody, has presented alleged new evidence purporting to show that he continues after his surgery to suffer from a medical condition that may preclude the issuance of travel documents in the reasonably foreseeable future. However, this court does not receive new evidence. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989). Straker remains free to file a new § 2241 petition should he believe, in light of changed circumstances or new evidence, that his removal is not likely in the reasonably foreseeable future.

Accordingly, Straker's motion to proceed IFP on appeal is DENIED and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.