**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2013

No. 12-50132

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FRANK ARTHUR BROWNING

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 3:11-CR-692-1

Before JONES, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

After a jury trial in 2011, Frank Arthur Browning was convicted of conspiring to possess, with intent to distribute; possessing, with intent to distribute; conspiring to import; and importing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841, 846, 952, 960, and 963. He contends: the district court erred in admitting three of his prior convictions (impeachment evidence), because they occurred more than ten years before trial and their probative value did not substantially outweigh their prejudicial effect,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50132

making them inadmissible under Federal Rule of Evidence 609(b); and his sentence, enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Government moves to supplement the record on appeal. The motion to supplement is GRANTED IN PART and DENIED IN PART; the judgment is AFFIRMED.

## I.

In March 2011, Browning crossed a pedestrian bridge from Juarez, Mexico, to El Paso, Texas. Due to his suspicious, nervous behavior, he was referred to secondary screening by United States Immigration and Customs Enforcement (ICE) Agents. During that screening, an Agent discovered two packages attached to Browning's body; a field test revealed the packages contained methamphetamine. Browning and David Brooks, who transported methamphetamine across the border alongside Browning, were indicted.

Browning testified at his trial in November 2011. He admitted knowingly transporting the methamphetamine into the United States, but claimed he had done so under duress. He maintained that, if he had not transported the methamphetamine, those organizing the endeavor would have physically harmed him and his wife and son.

At the start of trial, a hearing was held on motions *in limine*. Browning moved for the exclusion from evidence of any of his prior convictions, contending they would be more prejudicial than probative if used for impeachment when he testified. The Government responded that, if Browning testified, it should be allowed to use his prior convictions to impeach his credibility. The parties informed the court about five of Browning's prior convictions. The court granted Browning's motion in part, excluding any prior convictions occurring before 1990.

No. 12-50132

On *direct examination*, Browning acknowledged a 1998 unarmed-robbery conviction and a 2000 controlled-substance conviction.  At a bench conference before cross-examination, Browning's counsel advised the court that he had asked Browning about those two prior convictions because he believed they were the only two the court would admit as impeachment evidence.

At that conference, the Government reconfirmed that the court would allow impeaching Browning using other prior convictions:  a 1991 escape conviction and a 1992 controlled-substance conviction.  In response, regarding the 1991 escape conviction, defense counsel:  objected, citing the presumption in Federal Rule of Evidence 609 that any conviction more than ten years old is more prejudicial than probative; and asked that the Government be required to prove that conviction was a felony.  The court reiterated its earlier ruling that any prior convictions occurring after 1989 would be admitted and overruled the objection.

During cross-examination, without the years of conviction being stated, Browning was asked about:  his conviction for escape in Carson City, Nevada, for which he served one year's imprisonment; his escape conviction from Olathe, Kansas, for which he served one to two years' imprisonment; and his drug-related conviction from Hutchinson, Kansas, for which he served two to four years' imprisonment.  The objection "to this line of questioning" was overruled.  The Government closed the prior-convictions questioning by referring to the two convictions to which Browning had admitted during direct examination, and then listed all five convictions to summarize them for the jury. Defense counsel objected, contending the summary was "clearly being used for propensity, not impeachment"; the objection was overruled.

## II.

On appeal, Browning contended initially:  the Government used a 1989 conviction, despite the district court's ruling it excluded; and the Carson City,

3

No. 12-50132

Nevada, escape conviction was a misdemeanor, and therefore not admissible for impeachment.  Browning admitted in his reply brief, however, that the 1989 conviction was *not* used at trial and, therefore, is a non-issue in this appeal. With respect to the Nevada escape conviction, the Government contends Nevada law provides felony escape is punishable by at least one year's imprisonment, NEV. REV. STAT. § 212.090, and Browning received such a sentence.  Further, at oral argument the Government showed Browning has *two* prior convictions for escape in Nevada; it conceded the one not referred to at trial may have been a misdemeanor, but maintained the one used for impeachment was a felony.

In that regard, a Carson City, Nevada, escape conviction appears in the pre-trial services report (PTSR), whose requested addition to the record is addressed below; the PTSR confirms that Browning received a sentence of one year's imprisonment for that conviction.  As noted, on cross-examination, the Government expressly referred to Carson City for the escape conviction, and Browning made no specific objection.

**A.**

In seeking to supplement the appellate record, the Government moves to add the PTSR, which the district court reviewed during trial and to which the Government referred during Browning's cross-examination.  Because Browning does not oppose including the PTSR in the record, and the report was available to both parties at trial, that part of the motion is GRANTED.

The Government moves to add two more documents to the record, which were not available at trial.  "We will not ordinarily enlarge the record on appeal to include material not before the district court." *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).  The Government has provided no reason to depart from the usual rule; that part of the motion seeking to supplement the record with these two additional documents is DENIED.

No. 12-50132

## B.

Regarding Browning's challenges to some of his prior convictions being admitted into evidence, "[r]eview of a trial court's evidentiary rulings is for abuse of discretion, subject to harmless error review". *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012) (citation omitted); *see* FED. R. EVID. 103(a). The court abuses its discretion when it rules "based on an erroneous view of the law or a clearly erroneous assessment of the evidence". *Ebron*, 683 F.3d at 133 (internal quotation marks and citation omitted).

On the other hand, if Browning failed to preserve a challenge to an evidentiary ruling, review is only for plain error. *E.g.*, *United States v. Avants*, 367 F.3d 433, 448 (5th Cir. 2004); *see* FED. R. EVID. 103(e). To meet this difficult standard, Browning must show a clear or obvious error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even then, we will exercise our discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (internal quotation marks and citation omitted).

### 1.

For the challenged admission of the Carson City, Nevada, escape conviction in 1991 (the Nevada conviction), the applicable standard of review must first be addressed.

#### a.

The Government contends: Browning challenges the Nevada conviction for the first time on appeal; and, therefore, plain-error review applies. In that regard, Browning did not object to that conviction specifically, objecting only to the "line of questioning" that included Browning's Nevada conviction. Browning maintains the Government failed to provide reasonable notice of its intent to use the Nevada conviction, in violation of Rule 609(b)(2), and therefore should be

No. 12-50132

estopped from urging plain-error review. No authority need be cited for the rule that we, not the parties, decide upon the appropriate standard of review.

To preserve a claimed evidentiary error, a timely objection to the district court's ruling must state the "*specific* ground of objection". *United States v. Seale*, 600 F.3d 473, 485 (5th Cir. 2010) (quoting FED. R. EVID. 103(a)(1)) (emphasis added). A party seeking to preserve the objection must give the district court an opportunity to rule on the specific ground on which the objection rests. *Id.* at 486. Browning's only objection reasonably attributable to the Nevada conviction was his general objection to the "line of questioning"; he did not specify either that he was referring to the Nevada conviction, the lack of notice, or that the conviction was more prejudicial than probative. Therefore, the admission of the Nevada conviction is reviewed only for plain error. *See id.* at 486-87.

### b.

Browning has not shown reversible plain error. Even assuming admitting the conviction constitutes clear or obvious error, it did not affect his substantial rights: as discussed below, any error in admitting *any* of the challenged prior convictions was harmless. Moreover, even if reversible plain error were shown, we would not exercise our discretion to remedy the error because it does not affect the "fairness, integrity or public reputation of judicial proceedings".

### 2.

The challenged admission, during Browning's cross-examination, of the other two convictions is reviewed for abuse of discretion. *E.g.*, *Ebron*, 683 F.3d at 133. This analysis is subject to harmless-error review. *Id.* As discussed below, even assuming error, it was harmless.

The assumed error must be viewed in the context of the entire trial. *United States v. Wells*, 262 F.3d 455, 463 (5th Cir. 2001). Reversal is appropriate only if the challenged evidence "had a substantial impact on the verdict". *Id.* (internal

No. 12-50132

quotation marks omitted).  Because the Government presented overwhelming evidence of Browning's guilt, the admission of his prior convictions for impeachment purposes on cross-examination did not have such an impact. *E.g.*, *United States v. Hare*, 150 F.3d 419, 424 (5th Cir. 1998), *overruled on other grounds*, *United States v. Doggett*, 230 F.3d 160 (5th Cir. 2000). This is especially true in the light of his having admitted on direct examination to two other prior convictions.

At  trial,  Browning  admitted  to  knowingly  transporting  the methamphetamine into the United States and to knowingly and intentionally selling some methamphetamine on behalf of one of the men he claimed were threatening him and his family during the events leading up to his transporting drugs from Mexico. He acknowledged he had not used duress as a explanation for his actions when questioned by an ICE Agent at the time of his crossing into the United States from Mexico.  Moreover, the Government showed several other inconsistencies between Browning's trial testimony and his statements to ICE Agents at the border crossing–factors that impeached his credibility without the use of his prior convictions.

Moreover, regarding duress, Browning testified he and his family had been threatened via text message, and that those threatening text messages were never deleted from his cellular telephone.  Yet an investigator from the public defender's office, working on Browning's behalf, testified she did not find a single threatening text message on Browning's telephone.

Therefore, without considering Browning's prior convictions offered by the Government, the jury had more than enough evidence to conclude he was not a credible witness and to find, beyond a reasonable doubt, that he was guilty of the charged offenses.

No. 12-50132

## C.

Browning contends his sentence, which was increased to life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) (increasing minimum sentence for offenses involving high volumes of illicit substances) and 851 (authorizing increased sentence by reason of prior convictions), is unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He acknowledges this contention is foreclosed by precedent, *e.g.*, *United States v. Mata*, 491 F.3d 237, 245 (5th Cir. 2007), and raises it only to preserve it for possible further review.

## III.

For the foregoing reasons, the Government's motion to supplement the record is GRANTED IN PART and DENIED IN PART; and the judgment is AFFIRMED.