# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30897
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES E. SPANN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-20-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Charles E. Spann pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and was sentenced, inter alia, to a within-guidelines prison term of 36 months. He raises four assignments of error on appeal. Additionally, Spann moves to supplement the appellate record with his recent medical records and to have this court file his medical records under seal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30897

We first address Spann's motion.  In seeking to supplement the record, Spann argues that his medical records are pertinent to his claim that the district court imposed a substantively unreasonable sentence.  We may not consider facts that were not before the district court at the time of the challenged ruling.  *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).  Because the district court did not consider Spann's recent medical records at sentencing, his motion is denied.  Any references to this and other non-record matters have not been considered.

As to Spann's four assignments of error, he first challenges the district court's application of a two-level role adjustment pursuant to U.S.S.G. § 3B1.1(c).  Spann's assertion that his co-defendants played greater roles does not preclude application of the adjustment.  *See United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001).  Furthermore, it is unavailing for Spann to challenge the adjustment by asserting that he lacked the requisite mens rea to support his conviction when, during rearraignment, he stated, "That's correct," in response to the district court asking whether he knew the bonuses were fraudulent when he was receiving them.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Likewise, it is unavailing for Spann to argue that the seven factors set forth in the commentary to § 3B1.1 were not present in his case because those factors are not relevant to the application of the § 3B1.1(c) role adjustment.  *See* § 3B1.1, comment. (n.4).  Finally, in light of Spann's role in managing the assets of the conspiracy by signing off on the fraudulent justifications for the bonuses, the record plausibly supports application of the adjustment.  *See United States v. Ochoa-Gomez*, 777 F.3d 278, 282-83 (5th Cir. 2015).

No. 16-30897

In his next assignment of error, Spann, for the first time on appeal, challenges the substantive reasonableness of his sentence. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). He argues that the district court abused its discretion by failing to give sufficient weight to certain 18 U.S.C. § 3553(a) factors, including his lack of criminal history, age, medical history, and lengthy work history for various housing authorities; the seriousness of his offense and his actual involvement; the lower sentences received by his co-defendants; the lower sentences received by similarly-situated defendants on a local and national level; the very small propensity that he will recidivate and be a risk to the public; and the other types of sentences available, such as probation. We discern no error, plain or otherwise. The record reflects that the district court considered the § 3553(a) factors and concluded that a within-guidelines sentence was warranted. Spann's arguments regarding the district court's weighing of those factors is insufficient to rebut the presumption of reasonableness attaching to his within-guidelines sentence on appellate review. *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Spann, in his third assignment of error, argues that the district court plainly erred by failing to provide an adequate explanation of its sentencing decision. Before ordering a within-guidelines sentence, the court considered the presentence report, the guidelines range, statements from counsel and Spann, sentencing memoranda submitted by the parties, letters offered in support of Spann, and all of the § 3553(a) factors, particularly Spann's lack of criminal history and his involvement in the offense. The court also observed

3

that the offense could not have been accomplished without Spann and involved over a half million dollars. Although the court's explanation was brief, it was not clearly or obviously erroneous. *See Rodriguez*, 523 F.3d at 525-26. Moreover, Spann has not shown how an additional explanation would have altered his sentence. Thus, he has not demonstrated any effect on his substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Accordingly, as to this claim, Spann fails to make the requisite showing. *See id.* at 361, 364-65.

Finally, Spann argues that trial counsel rendered ineffective assistance by failing to understand the elements of the charged offense and by failing to advise him that there was an insufficient factual basis to support his conviction due to the purported absence of evidence proving his fraudulent intent. Because Spann did not raise this issue during his criminal proceedings in the district court, the record is not sufficiently developed to permit a fair evaluation of the merits of the claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider it without prejudice to collateral review. *See id.*

**AFFIRMED; MOTION DENIED**.