# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-10373
Summary Calendar

SHELBY WAYNE FIFE,

                              Plaintiff-Appellant,

v.

DOCTOR DABETIES,
Surgeon at John T. Montford;
NFN GUTHEIL, Surgeon at John T. Montford;
NFN SHEPHARD, Surgeon at John T. Montford;
ARTHUR Y. ANDERSON, Warden, Preston E. Smith Unit;
CHARLES BELL, Warden, Preston E. Smith Unit,

                              Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:06-CV-203

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Shelby Fife, Texas prisoner # 1039740, appeals the partial dismissal, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous, of his 42 U.S.C. § 1983 complaint.  Fife's claims are based on an allegedly botched foot surgery and his subsequent attempts to obtain corrective surgery, orthopedic shoes, and pain medication.  Fife consented to proceed before a magistrate judge, who entered a final judgment dismissing some of the defendants pursuant to FED. R. CIV. P. 54(b).

Fife argues that the surgeons' actions constituted deliberate indifference "through negligence caused by recklessness."  Fife's complaints against Drs. Dabeties, Gutheil, and Shephard are based on alleged acts of negligence or medical malpractice, which do not give rise to a constitutional violation.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Fife argues that Wardens Anderson and Bell knew of his serious medical needs but failed to take any action or to ensure that their subordinates took proper action.  Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  A supervisor is personally liable only if he is personally involved in the constitutional deprivation or if there is a sufficient causal connection between his conduct and the violation.  See id. at 304.  Fife's claims do not meet that standard.

Fife moves for appointment of counsel, for production of documents, and to compel discovery.  These motions are denied.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

The dismissal of Fife's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Fife is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.